IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-01587-MSK-NRN

ESTATE OF TYLER TABOR;
RAY TABOR, as personal representative of the estate of Tyler Tabor, deceased;
MICHELLE MCLEAN, as legal guardian for minor child D.T.;
D.T., a minor child by and through his legal guardians; and
BRIDGET TABOR,

    Plaintiffs,

v.

CORIZON HEALTH, INC.,

    Defendant.
_____

**OPINION AND ORDER DENYING MOTION TO RESTRICT, DENYING MOTION TO ENFORCE SETTLEMENT, AND CLOSING CASE**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion to Enforce Settlement Agreement **(# 135)** and the Plaintiffs' unopposed Motion to Restrict Access **(# 134)**.

The Court assumes the reader's familiarity with the proceedings to date. In summary, the Plaintiffs, the representatives and heirs of Tyler Tabor, a detainee who died in the custody of the Adams County jail, allege claims sounding in various constitutional deprivations under 42 U.S.C. § 1983 and state law statutory and tort claims against Defendant Corizon Health, Inc., who managed the jail's medical staff. In April 2017, the parties notified the Court that they had reached a settlement **(# 116)** and were preparing dismissal papers. After a series of extensions, the deadline for submitting dismissal papers was set **(# 127)** at November 19, 2018.

On November 16, 2018, the Plaintiffs filed the instant motions. They explain that the terms of the parties' settlement agreement involved Corizon making a lump sum payment to the

Plaintiffs in exchange for the Plaintiffs giving a release of all claims. Although the Plaintiffs gave such a release in August 2018, *see* Docket # 133-2, Corizon apparently did not fulfill its obligations. Rather, the Plaintiffs explain, Corizon made roughly a quarter of the promised payment on November 2, 2018, and announced "cash flow" problems that required it to make the remaining payments in installments through February 2019. The Plaintiffs rejected Corizon's request to complete the settlement via installment payments and filed the instant Motion to Enforce **(# 135)**, requesting "that this Court use its equitable powers to convert the Settlement into a Final Judgment." Separately, the Plaintiffs requested that their motion and supporting exhibits be filed under restriction to prevent public access, owing to an agreement between the parties that the terms of the settlement would be kept confidential.

The Court denies the request to enforce the settlement. In *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994),[1] the Supreme Court held that federal courts ordinarily lack jurisdiction to enforce settlement agreements that arise from and resolve prior federal litigation, unless the court has incorporated the terms of the settlement into its order of dismissal or there is an independent basis for federal jurisdiction. Here, neither party asked the Court to embody the

---

[1] The Court notes that literally all of the pertinent authority the Plaintiffs invoke in their Motion to Enforce predates the Supreme Court's decision in *Kokkonen*. Indeed, the Plaintiffs cite to the 9th Circuit's decision in *Kokkonen* for the proposition that "a district court has the inherent power summarily to enforce a settlement agreement with respect to an action pending before it," without acknowledging that the Supreme Court expressly reversed the 9th Circuit and rejected that contention: "both [trial and appellate] courts in the present case appear to have relied upon . . . 'inherent power' [to enforce an agreement]. We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions." 511 U.S. at 380. Whether the Plaintiffs' counsel negligently copied authority from an outdated research memo without bothering to check its continuing applicability or is actively trying to mislead the Court as to the current state of the law need not be resolved, but either situation is troubling.

terms of their settlement as part of any order dismissing the claims against Corizon.  *But see infra.*

Arguably, the Court observes, *sua sponte*, that there is a basis for independent federal jurisdiction over a claim by which the Plaintiffs seek to enforce their contract with Corizon – the Complaint makes clear that Corizon is a citizen of the State of Tennessee, the Plaintiffs are all citizens of Colorado, and the amount in controversy clearly exceeds $75,000, *see* 28 U.S.C. § 1332.  But even if this Court *could*, consistent with *Kokkonen*, proceed to adjudicate whether there has been any breach of the parties' settlement agreement, it would exercise its discretion not to.  The lawsuit before this Court concerns questions of Corizon's constitutional liability for failure to deliver adequate medical care to Mr. Tabor, not Corizon's contractual obligations towards the Plaintiffs.  Although it may be convenient to the parties to use the framework of the existing lawsuit to resolve the new dispute that has arisen between them, this Court does not treat civil actions as a mere shell whose substantive contents can be swapped out freely as the parties' needs change.  The Court's statistical records reflect that this case is a civil rights action, not a contract action.  Those records reflect that the parties' dispute arose in 2016, not on or about November 2, 2018.  The Scheduling Order in this case is focused upon discovery relating to constitutional claims, not contractual breaches.  All this is to say that, to the extent the Plaintiffs wish to litigate the issue of whether Corizon is in breach of the settlement agreement (instead of litigating the constitutional issues initially presented), they must do so by commencing a new action sounding in contract and paying a new filing fee, not by asking this Court to resolve a dispute that is entirely collateral to the existing action.  Accordingly, the Court denies the Plaintiffs' Motion to Enforce.

Second, the Court also denies the Plaintiffs' Motion for Leave to Restrict. D.C. Colo. L. Civ. R. 7.2 sets forth the specific elements that a party must demonstrate to overcome the strong public interest in having access to records presented to the Court for adjudication. Among the key requirements are: (i) a showing of the particular harm that will befall the parties if the material in question is made publicly-available, and (ii) a showing that all possible means short of restricted access would be insufficient to meet the parties' needs. D.C. Colo. L. Civ. R. 7.2(c)(3)-(4). The Plaintiffs' Motion to Restrict fails to establish either element. The sole basis articulated by the Plaintiffs for the necessity of restriction is that the parties have agreed to keep their settlement terms confidential; Local Rule 7.2(c)(2) expressly provides that "stipulations between the parties" for confidentiality "are insufficient to justify restriction" in and of themselves. And although the Plaintiffs make a perfunctory assertion that "a less restrictive alternative" to filing the entire settlement agreement "is not available to Plaintiff," that contention belies a lack of even a modicum of effort devoted to the problem. The Court assumes – the Plaintiffs have certainly not specifically alleged, despite the requirements of Local Rule 7.2.(c)(2) – that the particular information that the parties wish to keep confidential is largely limited to the amount of the monetary payment agreed upon.[2] A simple redaction of that sum in the exhibits to the Motion to Enforce could have accomplished the Plaintiffs' goals without requiring any restrictions on public access to the filings. Accordingly, because the Plaintiffs

---

[2] To the extent that there are other provisions in one or more of the exhibits that would also justify the parties seeking restricted access, the same analysis applies. Indeed, it is unclear to the Court why it was necessary for the Plaintiffs to file <u>any</u> exhibits in conjunction with their motion beyond an affidavit of counsel explaining the pertinent facts that: (i) a settlement was reached and agreed to by both sides; (ii) the Plaintiffs have complied with their obligations under that agreement; and (iii) Corizon has failed to comply with its own obligations and has sought to renegotiate the agreement's terms.

have not made a sufficient showing under Local Rule 7.2(c), the Court denies the Motion to Restrict Access and directs that the filing at Docket # 133 be unrestricted.

Finally, the Court turns to the question of what, if anything, remains to be done with this case. All Defendants other than Corizon have now been dismissed. The parties' Settlement Agreement, Exhibit B to Docket # 133, makes clear that the Plaintiffs agreed to Stipulate to the Dismissal of this action "[c]oncurrently with the execution of [the] Agreement." The Agreement was executed on August 9, 2018, at which time the Plaintiffs released their claims against Corizon. That release was not conditioned upon Corizon simultaneously making the full amount of the settlement payment: the parties agreed that payment from Corizon was not due until approval of the state court in a related probate matter was completed and that approval was not obtained until October 30, 2018, several weeks after the Plaintiffs had signed the release of their claims. Thus, it does not appear that the Plaintiffs have any remaining claims that they can pursue in this action, Corizon's alleged subsequent breach of the agreement notwithstanding. Their sole remedy is, as discussed above, the commencement of a new lawsuit sounding in breach of their settlement agreement. Accordingly, the Court will dismiss the remaining civil rights claims against Corizon and close this case.

For the foregoing reasons, the Court **DENIES** the Plaintiffs' Motion to Restrict **(# 134)** and directs the Clerk of the Court to lift all restrictions on Docket # 133. The Court **DENIES** the Plaintiffs' Motion to Enforce **(# 135)**. The Plaintiffs' claims against Corizon as set forth in the

Amended Complaint **(# 23)** are **DISMISSED** based on the parties' settlement. It appearing to the Court that there are no remaining claims, the Clerk of the Court shall close this case.

Dated this 19th day of November, 2018.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge